Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Electrotek Corporation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ELECTROTEK CORPORATION, | § | CASE NO. 21-30409-MVL |
| Debtor. | § | CHAPTER 11 |
| | § | |
| ELECTROTEK CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| J.P. MORGAN CHASE BANK, N.A. | § | |
| and TKO MILLER, LLC, | § | |
| Defendants. | § | |

**COMPLAINT SEEKING TURNOVER
PURSUANT TO SECTION 542**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW Plaintiff Electrotek Corporation ("Debtor") and files this Complaint Seeking Turnover Pursuant to 11 U.S.C. § 542 against J.P. Morgan Chase Bank, N.A. and TKO Miller, LLC (the "Defendants") and in support states as follows:

**I.    JURISDICTION AND VENUE**

1.    The Court has jurisdiction over the Bankruptcy Case and the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## II.  PARTIES

2. Debtor is a Wisconsin corporation with its principal place of business in Carrollton, Texas.

3. J.P. Morgan Chase Bank, N.A. ("Chase Bank") is a New York corporation doing business in the State of Texas and can be served with process pursuant to Rule 7004(b)(1) by mailing a copy of the Summons and Complaint via First Class Mail, postage prepaid and certified mail return receipt requested, to its registered agent C T Corporation at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. TKO Miller, LLC ("TKO Miller") is a Wisconsin Corporation and can be served with process pursuant to Rule 7004(b)(1) by mailing a copy of the Summons and Complaint via First Class Mail, postage prepaid and certified mail return receipt requested, to its registered agent Tammie Miller, 788 N Jefferson St, Ste 850, Milwaukee, WI 53202-3710.

## III.  PROCEDURAL BACKGROUND

5. On March 8, 2021 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Case").

6. The Debtor is operating its business as a debtor-in-possession and no committee or examiner has been appointed.

## IV.  FACTUAL BACKGROUND

7. On February 25, 2021 TKO Miller filed a garnishment proceeding against the Debtor and Chase Bank in the Circuit Court of Milwaukee, case number 2021CV001222.

8. Chase Bank currently has a hold on $165,995.80 of the Debtor's funds and despite notice of the bankruptcy proceeding neither Chase Bank nor TKO Miller will take steps to release the funds.

## V. CAUSES OF ACTION AGAINST DEFENDANT

## TURNOVER PURSUANT TO 11 U.S.C. § 542

9. Debtor incorporates the allegations contained in paragraphs 1 through 8 of this pleading by reference as if fully set forth herein.

10. The filing of a voluntary petition commences a bankruptcy case and creates a bankruptcy estate. See 11 U.S.C. §§ 301, 541(a). In order to aid the debtor-in-possession in collecting the property of the estate, §542 provides that, … "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363…, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. §542(a).

11. This provision creates an affirmative obligation on the part of the party holding estate property to turn the property over. This affirmative obligation is self-executing and does not require the holding of a hearing or the entry of an order by the bankruptcy court. See, e.g., *In re Knaus*, 889 F.2d 773, 775 (8th Cir. 1989); *Matter of USA Diversified Products, Inc*., 100 F.3d 53, 56 (7th Cir. 1996).

12. To prevail in a turnover action under §542(a), the party seeking turnover must establish (1) that the property is or was in the possession, custody or control of an entity during the pendency of the case, (2) that the property may be used by the trustee in accordance with §363 or exempted by the debtor under §522; and (3) that the property has more than inconsequential value or benefit to the estate. See *In re Bailey*, 380 B.R. 486, 490 (6th Cir. BAP 2008) (collecting authority). Once a prima facie case for turnover is established, the creditor has the burden of proving any claimed right of offset. See *In re Williams*, 61 B.R. 567 (Bankr. N.D. Tex. 1986).

13. It is well-settled that, in turnover proceedings, the party seeking turnover must prove both that the property at issue is property of the bankruptcy estate and that it is in the possession of the party proceeded against. See, e.g., *Maggio v. Zeitz* (*In re Luma Camera Service, Inc.*), 333 U.S. 56, 64 (1948); *Republic Nat'l Bank of Houston v. Sheinfeld* (*Matter of Goodson Steel Corp.*), 488 F.2d 776, 778 (5th Cir. 1974); *Amdura Nat'l Distribution Co. v. Amdura Corp. (In re Amdura Corp.)*, 167 B.R. 640, 643 (D.Colo. 1994), aff'd, 75 F.3d 1447 (10th Cir. 1996).

14. Defendants are in possession of funds that are property of the Debtor's estate and have refused to release the hold on funds and return the funds to the Debtor. The funds are needed for an effective reorganization and have more than inconsequential value or benefit to the estate.

15. The funds are being held on account of a pre-petition debt and despite notice of the bankruptcy proceeding, Defendants have refused to release the funds to Debtor.

WHEREFORE, PREMISES CONSIDERED, Electrotek Corporation respectfully requests that this Court order Chase Bank and TKO Miller to turn over the $165,995.80; award Debtor its attorneys fees in bringing this action; and for such other and further relief to which Debtor may show itself justly entitled.

Dated: May 14, 2021.

    */s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
**Attorneys for Electrotek Corporation**