Buffey Klein (TX Bar 24032515 )  
HUSCH BLACKWELL LLP  
1900 N. Pearl Street, Suite 1800  
Dallas, TX 75201  
Telephone: (214) 999-6100  
Facsimile: (214) 999-6170  
Email: buffey.klein@huschblackwell.com

Caleb T. Holzaepfel (admitted *pro hac vice*)  
HUSCH BLACKWELL LLP  
736 Georgia Avenue, Suite 300  
Chattanooga, TN 37402  
Telephone: (423) 266-5500  
Facsimile: (423) 266-5499  
Email: caleb.holzaepfel@huschblackwell.com

*Proposed Attorneys for the Official Committee of Unsecured Creditors of Electrotek Corporation*

THE UNITED STATES BANKRUPTCY COURT FOR THE  
NORTHERN DISTRICT OF TEXAS  
DALLAS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ELECTROTEK CORPORATION, ) | Case No. 21-30409-MVL-11 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| ) | |

**MOTION FOR ORDER DIRECTING RECORDS  
EXAMINATION OF DEBTOR PURSUANT TO  
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON AUGUST 25, 2021, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

The Official Committee of Unsecured Creditors of Electrotek Corporation (the "<u>Committee</u>"), by and through its proposed counsel, hereby moves (the "<u>Motion</u>") this this Court to enter an Order directing Debtor (a) to produce all documents identified in Exhibit A.  In support thereof, the Committee states:

1. The Committee has requested documents related to the Debtor's books and records.

2. Debtor's counsel agreed to provide the Committee requested information and documentation.  Debtor has provided certain information to date, but has not produced large portions of necessary information, including, but not limited to, payroll reports, information related to alleged secured debt, information related to PPP loans, insurance coverage information, information related to owned personal property, information related to onwed reak property, etc.

3. The standards regarding Rule 2004 document productions are well-established. "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).  Additionally, the court may compel the production of documents.  Fed. R. Bankr. P. 2004(c).

4. "The examination of an entity under this rule or of the debtor, under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor." Fed. R. Bankr. P. 2004(b).

5. "The broad scope of questioning that applies at a meeting of creditors also applies at a Rule 2004 examination.  Any question is allowable if (1) it relates to the acts, conduct, property, liabilities, or financial condition of the debtor, or (2) it relates to any matter that may

affect the administration of the bankruptcy estate or the debtor's right to a discharge." *In re Russell*, 392 B.R. 315, 359 (Bankr. E.D. Tenn. 2008).

6. "A Rule 2004 examination is a legally authorized fishing expedition." *In re Russell*, 392 B.R. at 359; *see also In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984) ("The [Rule 2004] examination has also been likened to a necessary 'fishing expedition.'").

7. "The clear intent of Rule 2004 (and its predecessor rules) is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Companies, Inc.*, 41 B.R. at 660.

8. The requested documents are necessary for the Committee to continue determine, among other things, whether Debtor's Chapter 11 Plan of Reorganization [Dkt. No. 27] meets the requirements of 11 U.S.C. §§ 1129(a) and 1129(b). As such, the production and protection of such documents and information is imperative to the on-going administration of these bankruptcy cases.

9. Federal R. Bankr. P. 2004(c) provides, among other things, that the Court may compel the production of documents.

WHEREFORE, the Committee respectfully moves the clerk and this Court to enter an Order directing Debtor (a) to produce all documents set forth in Exhibit A to Husch Blackwell LLP on or before August 17, 2021, and (b) for such other and further relief as this Court deems just and proper.

Dated: August 5, 2021

Respectfully submitted,

**HUSCH BLACKWELL LLP**

3
HB: 4849-1656-5460.1

By: */s/Caleb T. Holzaepfel*

Caleb T. Holzaepfel (admitted *pro hac vice*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Emall: caleb.holzaepfel@huschblackwell.com

Buffey Klein (TX Bar No. 24032515)
1900 N Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 Facsimile
buffey.klein@huschblackwell.com

*Proposed Attorneys for the Official Committee of Unsecured Creditors of Electrotek Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served electronically on all creditors, parties in interest or their attorneys of record, according to the Court's notice of electronic filing on August 5, 2021.

By:  */s/ Caleb T. Holzaepfel*
     Caleb T. Holzaepfel

4
HB: 4849-1656-5460.1

## Definitions Applicable to Exhibit

As used in this Exhibit A, the following words are specifically defined.

1. "Document" means the original and/or a copy which differs in any way from the original or any notes, checks, check stubs, account statements, loans, financing statements, security statements, receipts, correspondence, pleadings, memoranda (including written memoranda of telephone conversations, other communications or activities), expense vouchers, invoices, time sheets, draw requests, contracts, agreements, pamphlets, books, newspaper or magazine articles, records, notebooks, letters, telegrams, interoffice communications, faxes, microfilms, studies, reports, analyses, messages, summaries, films, photographs, tapes, transcripts, advertisements and any other written matter of any kind including, but without limitation, any marginal or editorial comments appearing on any documents or any other writing.

2. "Person" means any natural person, corporation, partnership, firm, trust, group, association, or other organization and, where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

3. "Communicate" or "Communication" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, brochures, memoranda, or other forms of verbal, written, or electronic correspondence, including electronic mail ("email").

4. "Secured Debt" shall refer to the alleged security interests referred to in your filed Schedule A/B, *see Dkt. No. 1*, Schedule D.

5. "Insurance" shall refer to all insurance policies, coverage documents, letters of credit, surety bonds that the Debtor is a party to or beneficiary of from February 2020 through today.

6. "Real Property" shall refer to 7745 S 10TH ST OAK CREEK 53154 real property (Parcel #: 7839042000).

7. "PPP Account" shall refer to the monies received from Texas Champion Bank by Debtor.

8. "Relation" shall refer to any sibling, aunt, uncle, grandparent, niece, nephew, child, grandchild, cousin or second cousin.

9. "Priority Wage Claim" shall refer to the alleged priority wage claims referred to in your filed Schedule E/F, *see Docket No. 1*, Schedule E/F, Part 2.1, 2.2.

**Applicable Time Period**

Except as otherwise noted below, for purposes of Items 1 – 7, 9 – 12, the applicable time period is March 2017 through the present. Except as otherwise noted below, for purposes of Item 8, the applicable time period is March 2020 through the present.

**EXHIBIT A**

**Documents Requested**

1. All documents and communications regarding the alleged Secured Debt.

2. All documents and communications regarding the sale and purchase of Electrotek Corporation in 2019 or 2020, as applicable.

3. Copies of each monthly brokerage statement, bank statement, or account statement otherwise for the PPP Account.

4. All documents and communication regarding transfers to Debtor or from Debtor by Dhirajal Barbaria, Ashwin J. Babaria, Manu J. Babaria, Dalpat J. Babaria, or Ajay A. Barbaria, or any Relation to the forementioned individuals.

5. All documents and correspondence regarding pre-petition payments made by Debtor between December 1, 2019 and December 6, 2020, including, but not limited to, the payee, the invoice the payment related to, the invoice date, and the amount of the payment.

6. A list of all owned equipment of Debtor as of August 1, 2021.

7. A list of all leased equipment of Debtor as of August 1, 2021.

8. All documents and communication regarding the alleged Priority Wage Claim, including but not limited to, including, but not limited to, employee, employee title, wages or benefits owed, wage rate, and pay period amounts owed as to.

9. Copies of each monthly payroll statement, including, but not limited to, employee, employee title, payment amount, wage rate, and pay period.

10. All documents and correspondence regarding post-petition payments made by Debtor between March 8, 2021 and August 1, 2021, including, but not limited to, the payee, the invoice the payment related to, the invoice date, and the amount of the payment.

11. All documents and correspondence regarding the alleged unsecured claim owed as to Kinwong Electronic Ltd. by Debtor.

      12.      All state and federal tax returns (and any amendments thereto) for the 2017, 2018, 2019, and 2020 tax years.[1]

      13.      All documents you have provided to any expert or consultant in connection with this bankruptcy proceeding.

---

[1] It is understood that the 2020 tax returns will be provided once they are finalized and filed with the applicable state and federal taxing authorities.

7
HB: 4849-1656-5460.1