**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**(DALLAS DIVISION)**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ELECTROTEK CORPORATION | § | CASE NO. 21-30409-MVL |
| | § | CHAPTER 11 |
| Debtor | § | |

**HITACHI CAPITAL AMERICA CORP.'S SUPPLEMENTAL OBJECTION
TO PLAN AND OBJECTION TO MOTION TO ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES (D.E. 108)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now, Hitachi Capital America, Corp, ("Hitachi"), by and through its undersigned attorneys, hereby submit its objection to the Debtor Electrotek Corporation's ("Debtor") Motion to Assume Executory Contracts and Unexpired Leases with Celtic Leasing Corporation and Notice of Emergency Hearing [DE 108 and 113] and respectfully states as follows:

**INTRODUCTION**

1. Hitachi had previously filed an objection to Plan on the basis that it does not provide specificity as to Hitachi's Lease and/or it fails to comply with 11 U.S.C. §365 of the Bankruptcy. Hitachi incorporates by reference its previously filed objection as if set forth in full herein (D.E. 61] ("First Objection").

2. Thereafter, Debtor filed, among others, a Motion to Assume Executory Contracts and Unexpired Leases with Celtic Leasing Corporation [D.E. 108]. Said Motion purports to seek assumption of the Hitachi Lease (as that term is defined in the "First Objection") and indicates that the "Debtor will pay the lessor the amount of $17,754.00 within fourteen days of the Court's entry of the Order approving assumption of the lease and will resume monthly payment of $2,959.00 on the first day of the month following the entry of the order approving assumption of lease."

3. Hitachi hereby files this objection to said Motion and as a supplemental objection to the Plan, on the basis that it does not provide for the correct cure, does not specify the correct party and/or does not comply with the Bankruptcy Code.

## FACTUAL BACKGROUND

4. The underlying facts are set forth in the First Objection and are incorporated by reference, as if set forth in full herein. In summary fashion, the relevant facts are set forth herein for ease of reference.

5. On or about April 29, 2016, Celtic Leasing Corp ("Celtic") entered into a Master Lease Number CML-3691A (as at any time amended, the "Master Lease") with the Debtor, whereby the Debtor leased certain equipment ("Equipment"), more particularly described in Lease Schedule No. 3691A03 (as at any time amended, the "Schedule") for a term of sixty (60) months from the date of the commencement of the Lease, which was December 14, 2016. A copy of the Lease and Schedule is attached hereto as Exhibit A to the First Objection and incorporated by reference as if set in full herein.

6. In or about December 2016, Celtic assigned all of its rights and remedies under the Lease, including the payments due thereunder, to Hitachi and notified the Debtor of said assignment. A copy of the Notice of Assignment is attached hereto as Exhibit B to the First Objection and incorporated by reference as if set forth in full herein.

7. On September 29, 2021, Debtor filed the Motion, seeking among other things, assumption of the Master Lease and provides that "the "Debtor will pay the lessor the amount of $17,754.00 within fourteen days of the Court's entry of the Order approving assumption of the lease and will resume monthly payment of $2,959.00 on the first day of the month following the entry of the order approving assumption of lease." No specificity is set forth in the Motion as to which party the payments are sought to be made.

8.    Hitachi objects to the Motion on two bases. First, the Motion does not list the correct party for the Lease and the cure amount is incorrect.

### ARGUMENT

9.    11 U.S.C. §365 (b) (1) provides, in relevant part, that, before assuming an executory contract, the Debtors must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1). Further, the Motion does not properly list the proper lease party to whom payment must be made.

10.    As of the date of the filing of this objection, Hitachi has not received any post-petition payments due under of the Lease, namely the payments due from April 1, 2021 or any monthly payments due thereunder.

11.    As of the date of the confirmation hearing and the date of the hearing on the Motion of October 20, 2021, Hitachi will be owed a total sum of $20,713.00, plus late fees and attorneys' fees and costs in the approximate amount of the $3,000.00 for a total cure in the amount of, at least, $23,713.00 (the "Cure").

12.    In addition, to the extent that the Motion and/or the Plan are not granted prior to the end of October 31, 2021, an additional amount of $2,959.00, plus attorneys' fees and costs continue to accrue and are required as payment in cure.

13.    Accordingly, the Plan confirmation and Motion must be denied, until Section 365(b)(1) are met, including but not limited to, prompt cure of Hitachi's Lease, it is provided with adequate assurance of future performance, and the proper party is named for assumption and payment under the Lease.

14.    In addition, as set forth above, the Motion does not provide that the payments will be made to Hitachi.

15. For all of the above reasons, Hitachi request that the confirmation of the Plan and the Motion be denied, until compliance with Section 365 (b)(1) with respect to the Lease, payment of proper cure, payment to the correct party and reserve all rights with respect to the issues raised herein.

Dated October 6, 2021

>Respectfully submitted,
>OFFERMAN & KING, LLP
>By: /s/ James W. King
>　　　James W. King
>　　　TBN 00791029
>　　　6420 Wellington Place
>　　　Beaumont, Texas 77706
>　　　409/860-9000 -- Phone
>　　　409-860-9199 – Fax
>　　　jwk@offermanking.com

Mark F. Magnozzi, Esq.
**THE MAGNOZZI LAW FIRM, P.C.**
23 Green Street, Suite 302
Huntington, NY 11743
Telephone:　　(631) 923-2858
E-Mail: mmagnozi@magnozzilaw.com
ATTORNEYS FOR HITACHI CAPITAL AMERICA, CORP

CERTIFICATE OF SERVICE

      I hereby certify that true and correct copies of the foregoing have been forwarded to the following parties by electronic means or by first class mail:

Attorneys for Debtor:
Kerry S. Alleyne
Guy H. Holman
Joyce W. Lindauer
1412 Main Street, Suite 500
Dallas, TX 75202

Trustee:
Scott M. Seidel
6505 West Park Blvd., Suite 306
Plano, TX 75093

U.S. Trustee:
United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75202

Debtor:
Electrotek Corporation
1430 Century Drive
Carrollton, TX 75006

      SIGNED AND DONE on this 6th day of October, 2021.

      /s/ James W. King

      James W. King