Buffey Klein (TX Bar 24032515 )
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170
Email: buffey.klein@huschblackwell.com

Caleb T. Holzaepfel
(admitted *pro hac vice*)
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Email: caleb.holzaepfel@huschblackwell.com

*Counsel for the Official Committee
of Unsecured Creditors for Electrotek Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Electrotek Corporation, ) | Case No. 21-30409-mvl-11 |
| ) | |
| Debtor. ) | |

### SUPPLEMENT TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ELECTROTEK, INC. TO CONFIRMATION OF CHAPTER 11 PLAN FOR ELECTROTEK, INC.

The Official Committee of Unsecured Creditors of Electrotek Corporation (the "Committee"), through counsel, respectfully submits this Supplement ("Supplement") to the *Objection of the Official Committee of Unsecured Creditors of Eletrotek, Inc. to Confirmation of Chapter 11 Plan for Electrotek, Inc*. [Dkt. No. 90] ("Objection") and states as follows:

### I. BACKGROUND

1. On March 8, 2021 (the "Petition Date"), Debtor, as debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "Bankruptcy Case"), filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and designated the Bankruptcy Case under Subchapter V.

2. Since the Petition Date, upon information and belief, Debtor continues to manage and operate its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor amended its voluntary petition on April 15, 2021 and thereby removed the Subchapter V designation. *See* Dkt. No. 24.

4. On July 8, 2021, the United States Trustee for the Northern District of Texas (the "UST") organized and appointed the Committee, which was subsequently amended on July 27, 2021, and consists of the following members: (i) Sid Grinker Restoration, Inc.; (ii) Taiyo America, Inc.; (iii) Uyemura International Corp.; and (iv) Hagen Decorators Inc. Jeff Oscarson, Chief Financial Officer of Sid Grinker Restoration, Inc., was selected by the Committee as the Chair of the Committee.

5. On July 13, 2021, the Committee selected Husch Blackwell LLP as its counsel, and the Court entered an Order approving the Committee's application to employ Husch Blackwell LLP on September 23, 2021. *See* Dkt. No. 111.

6. On April 26, 2021, Debtor filed its Disclosure Statement (the "Disclosure Statement"), and on June 24, 2021, the Court entered an Order approving the Disclosure Statement. *See* Dkt. Nos. 28, 47.

7. On April 26, 2021, Debtor filed its Chapter 11 Plan of Reorganization [Dkt. No. 27] (the "Plan").

8. On August 26, 2021, the Committee filed its Objection.

9. At the hearing on September 1, 2021, the Court continued the hearing on confirmation of Debtor's Plan to October 20, 2021. *See* Dkt. No. 98.

10. On September 9, 2021, this Court held a hearing on the Committee's Motion for Order Directing Records Examination of Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 [Dkt. No. 71] and directed Debtor to produce, among other things, certain documentation supporting the secured claims against the assets of Debtor. During the hearing, the Court acknowledged that Debtor lacked the ability to move for confirmation of the Plan if certain documents, including those documents reflecting Debtor's secured debt, were not made available for review by the Committee.

11. To date, Debtor has failed to produce documents supporting $8.4 million of the alleged senior secured debt held by Debtor's owner and Chief Executive Officer, Dhirajal Barbaria (the "Owner").[1]

12. With the exception of the Committee's Objection related to Texas Champion Bank, the Committee's objections to confirmation of the Plan remain unresolved.[2]

13. A variety of Chapter 5 avoidance actions arose on the Petition Date and are a valuable asset of Debtor for the benefit of its unsecured creditors. There is no allegation that any party has a lien or an interest in the avoidance actions.

14. As discussed in the Objection, Debtor holds more than $2.5 Million in avoidable transfers to which significant value is attributable to Debtor's unsecured creditors, not inclusive of the insider $1 Million transfer discussed *infra*.

---

[1] In total, Debtor's Schedule D reflects that Owner holds $9.5 million in secured debt. *See* Dkt. No. 21, 2.1–2.3. The Committee has only received documents reflecting that $1.1 million in secured debt likely exists, although deposit into the company in regard to the $1.1 million has still not been demonstrated. Thus, Debtor has produced documents sufficient to identify only approximately 12% of the total alleged secured debt. The Committee's rights are reserved as to the $1.1 million and arguments that such amount is not secured.

[2] Texas Champion Bank withdrew its proof of claim on October 4, 2021 and as such, the Committee acknowledges its Objection related to Texas Champion Bank is now moot. *See* Dkt. No. 115.

15. As referenced in the Objection, the Committee identified that the Owner's withdrawal of $1 Million from Debtor's Chase Account on January 28, 2021. *See* Produced Documents, attached as Exhibit A to the Objection, Bates Numbers EC-0000928-EC00000937. The Owner repaid $700,000 to Debtor on March 29, 2021 – post-petition – and such amount was opportunely excluded from the Liquidation Analysis. *See* Monthly Operating Report for Month Ending March 31, 2021 [Dkt. No. 26]. Debtor acknowledges Owner's post-petition re-payment, in its Schedule A: "Receivable from Owner. Funds transferred to company on 3/29/2021" valued at $700,000.00. *See* Schedule A/B, Part 11, 77.

16. The $1 Million withdrawal on March 29, 2021, is unsupported by value and easily falls under the parameters of an avoidable transfer pursuant to Sections 544, 547, and/or 548 of the Bankruptcy Code.

17. As such, the $700,000 post-petition transfer, a partial repayment from Debtor as to the $1 Million avoidance action should be paid directly to the benefit of unsecured creditors under the Plan.

18. The Plan and Disclosure Statement do not address the $1 Million avoidance action or $700,000 repayment – and fail to provide any value to the $2.5 Million in unencumbered avoidance action assets for the benefits of its unsecured creditors.

## II. RELIEF REQUESTED

19. By this Supplement, the Committee reaffirms its Objection and requests that this Court enter an order denying the Plan and requiring Debtor to propose and resolicit a new disclosure statement and plan of reorganization.

20. Debtor's failure to produce documents supporting $8.4 million in secured debt after ample opportunity to do so can only lead to one conclusion—the debt is invalid. Assuming the

debt is invalid, Debtor's liquidation analysis approved in the Disclosure Statement and reflected in the Plan vastly overstates Debtor's secured debt and understates the assets available for the benefit of unsecured creditors upon liquidation.

21. In Debtor's most recent Monthly Operating Report for July 2021 [Dkt. No. 76], Debtor revised its Alleged Secured Debt figure to $6.5 Million without adequate explanation or modification to its proposed Plan. Debtor has also failed to make corresponding revisions to its Schedules or Statement of Financial Affairs.

22. Further, Debtor's failure to provide distribution to unsecured creditors based on the $1 Million avoidance action and $700,000 repayment as well as the additional $2.5 Million in avoidable transfers is fatal to confirmation.

23. Finally, as detailed in the Objection, Debtor has substantially misstated its assets and liabilities. *See* Objection, Art. II. The Committee believes that the Debtor's creditors were not provided appropriate information to make an informed decision on the proposed Plan that was solicited.

24. The Committee requests that this Court require Debtor to provide creditors with a re-solicited Disclosure Statement for a revised Chapter 11 Plan, including, but not limited to, accurate Liquidation Analysis based on the true assets and liabilities of the Debtor.

25. The Committee incorporates by reference and reasserts all statements and arguments made in its Objection as if asserted herein.

26. For the reasons stated herein and in the Committee's Objection, the Committee respectfully submits that the Plan should be denied.

WHEREFORE, Official Committee of Unsecured Creditors of Electrotek Corporation respectfully requests that this Court enter an order denying confirmation of the Plan, requiring

Debtor to propose and solicit a new disclosure statement and plan of reorganization, and for such further relief as this Court deems just and proper.

Dated: October 8, 2021.

        Respectfully Submitted,

        **HUSCH BLACKWELL LLP**

By:    */s/ Caleb T. Holzaepfel*
        Buffey E. Klein
        Texas State Bar No. 24032515
        1900 N. Pearl, Suite 1800
        Dallas, TX 75201
        (214) 999-6100
        (214) 999-6170 (fax)
        buffey.klein@huschblackwell.com

        Caleb T. Holzaepfel (admitted *pro hac vice*)
        736 Georgia Avenue, Suite 300
        Chattanooga, TN 37402
        (423) 266-5500
        (423) 266-5499 (fax)
        caleb.holzaepfel@huschblackwell.com

        **COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ELECTROTEK CORPORATION**

## **CERTIFICATE OF SERVICE**

    This will certify that a true and correct copy of the foregoing pleading has been forwarded via this Court's CM/ECF notification system to the parties registered for such service on October 8, 2021.

                                                     /s/ *Caleb T. Holzaepfel*
                                                     Caleb T. Holzaepfel