Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ELECTROTEK CORPORATION,** | § | **CASE NO. 21-30409-mvl** |
| | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

**DEBTOR'S RESPONSE TO CREDITOR COMMITTEE'S OBJECTION TO**
**CONFIRMATION OF PLAN OF REORGANIZATION**

Comes now Electrotek Corporation, Debtor in the above-captioned case (the "Debtor"), and files this Response to the Objection of the Official Committee of Unsecured Creditors (the "Committee") to confirmation of Debtor's Plan of Reorganization (Doc. No. 90, the "Objection"), and would show as follows:

**PRELIMINARY STATEMENT**

The Objection contains several inaccuracies and is replete with vague references to the Debtor's schedules that cannot be interpreted. The Objection also fails to acknowledge the most important factor in favor of the Plan of Reorganization (the "Plan") – *all impaired classes of creditors from whom votes were received, including the class of unsecured creditors, have voted to accept the Plan.* The very parties whom the Committee purports to represent agrees with the Plan and support confirmation. The only conclusion that can be drawn is that the Committee

RESPONSE TO CREDITOR COMMITTEE'S OBJECTION TO CONFIRMATION OF PLAN                PAGE 1

members are out of touch with the desires of their constituents and are acting in their own self-interest rather than for the class of unsecured creditors as a whole.

1. **The secured claims of Dhirajal Barbaria have been documented and are valid.** In the Objection the Committee complains that the secured claims of the owner of the Debtor, Dhirajal Barbaria have not been properly documented and, therefore, cannot be counted as part of the liquidation analysis contained in the Debtor's Disclosure Statement. There are several problems with this objection. First, the Committee has not objected to the claims. Because the Debtor scheduled Mr. Barbaria as an undisputed, fully-secured creditor, his claims are deemed allowed unless a party-in-interest objects to the claims. 11 U.S.C. §502. Unless and until the Committee objects to the claims, it has no standing to object to the Plan on the basis that the claims are invalid. Second, Mr. Barbaria's secured claims of $6.5M appear to be valid, as the Debtor conducted a review of the promissory notes, security agreements and UCC-1 filings supporting these claims. Finally, the Disclosure Statement has already been approved by final order (Doc. No. 47) and the Committee is too late to raise objections to it now.

2. **Payment of pre-petition priority wage claims has been approved by the Court.** The Committee objects that there is no evidence of the pre-petition priority wage claims scheduled by the Debtor and included in the liquidation analysis. This issue has been resolved by the Court's *Order Granting Motion Nunc Pro Tunc to Pay Pre-Petition Payroll* entered September 22, 2021 (Doc. No. 110).

3. **The Debtor has amended the Plan to appoint a plan agent for the purpose of investigating and prosecuting possible avoidable transfers.** The Committee complains that the Debtor has not valued certain pre-petition transfers by the Debtor that may be avoidable as preferential transfers. Concurrently with the filing of this Response the Debtor has filed a

modification to the Plan proposing to appoint Mr. Christopher Moser as a "Plan Agent" for the purpose of investigating these transfers to determine whether they are avoidable, and if so, to prosecute any such preferential transfers after confirmation of the Plan. Because Mr. Moser is an impartial third party known to the Court with extensive experience in avoidable transfer analysis and litigation, this resolves the Committee's objection.

4.  **The Plan does not violate the absolute priority rule.** The Committee objects to the Plan on the basis that Class 6 Equity Interests will retain their interests in the Debtor while Class 4 Unsecured Claims receive less than full payment and Class 5 Insider Claims receive nothing.  Class 4 Unsecured Claims has already voted in favor of the Plan so the Committee's objection is unfounded in this respect.  As for Class 5 Insider Claims, there actually are none.  This Class was included in the Plan as a matter of form, but in fact, there are no claims in Class 5, which resolves the Committee's absolute priority rule objection.

5.  **The Debtor's cash on hand does not affect the "best interests" test.**  The Committee objects that the Debtor's current cash on hand is higher than listed in the liquidation analysis included in the Disclosure Statement.  The Committee is correct that cash on hand as of the petition date, as reported in the Disclosure Statement, was lower than the current level of cash.  However, this does not impact the liquidation analysis by causing the plan to fail the "best interests of creditors" as argued by the Committee. The difference between the cash reported in the liquidation analysis and that reported in the Debtor's latest monthly operating report is $1,410,386.00.  As can be seen by a review of the liquidation analysis, this higher level of cash available for distribution in a Chapter 7 case does not change the fact that a Chapter 7 liquidation would result in no distributions to unsecured claimants.  Under the Plan those claimants are receiving 10% of their allowed claims, therefore the "best interests" test is satisfied.

6. **The Debtor proposed the Plan in good faith.** The Committee argues that the Debtor proposed the Plan in bad faith. The grounds for this objection are simply a reiteration of the objections addressed above, all of which are inaccurate or have been resolved. The Debtor has made every effort to propose a Plan that uses the Debtor's resources to pay creditors as much as possible and allows it to remain in business for the future benefit of its employees and creditors, with whom the Debtor will maintain relationships in the future. Again, the Class 4 Unsecured Claimants overwhelmingly voted to accept the Plan, which is a reliable indicator that the unsecured creditors, if not their appointed representatives, believe the Debtor is in good faith.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the Court to enter an order overruling the Objection and confirming the Debtor's Plan of Reorganization.

Dated: October 18, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

This is to certify that on October 18, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system the parties listed below.

Amish R. Doshi on behalf of Creditor Hitachi Capital America Corp
amish@doshilegal.com

Guy H. Holman on behalf of Debtor Electrotek Corporation
guy@joycelindauer.com,
deann@joycelindauer.com;dian@joycelindauer.com;12112@notices.nextchapterbk.com;joyce@joycelindauer.com

Caleb T. Holzaepfel on behalf of Creditor Official Committee of Unsecured Creditors
caleb.holzaepfel@huschblackwell.com

James Wallace King on behalf of Creditor Hitachi Capital America Corp
jking@offermanking.com

Buffey E. Klein on behalf of Creditor Official Committee of Unsecured Creditors
buffey.klein@huschblackwell.com, christine.deacon@huschblackwell.com;buffey-klein-8494@ecf.pacerpro.com;ryan.weger@huschblackwell.com

Joyce W. Lindauer on behalf of Debtor Electrotek Corporation
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Joyce W. Lindauer on behalf of Plaintiff Electrotek Corporation
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Linda D. Reece on behalf of Creditor Carrollton-Farmers Branch ISD
lreece@pbfcm.com

Nancy Sue Resnick on behalf of U.S. Trustee United States Trustee
ustpregion06.da.ecf@usdoj.gov, nancy.s.resnick@usdoj.gov

Scott M. Seidel on behalf of Trustee Scott M. Seidel (SBRA V)
scott@scottseidel.com, susan.seidel@earthlink.net;sms01@trustesolutions.net

United States Trustee
ustpregion06.da.ecf@usdoj.gov

                                         */s/ Joyce W. Lindauer*
                                         Joyce W. Lindauer