Mark Stromberg
State Bar No. 19408830
STROMBERG STOCK, PLLC
Campbell Centre I
8350 N. Central Expressway, Ste 1225
Dallas, TX  75206
Telephone:	972-458-5353
Facsimile:	972-861-5339
Email:   mark@strombergstock.com

Attorneys for Dhirajal Babaria

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE** § | | |
| § | | |
| § | | |
| **ELECTROTEK CORPORATION,** § | | **CASE NO. 21-30409-MVL-11** |
| § | | |
| § | | |
| **Debtor** § | | |

**DHIRAJAL BABARIA'S OBJECTIONS TO MOTION
FOR SETTING AND EXPEDITED HEARING**

COMES NOW **DHIRAJAL BABARIA** (the "Creditor"), who files this Objection to the Motion for Setting and Expedited Hearing, Dkt. No. 141 filed on October 27, 2021 (the "Motion") filed in the case of **ELECTROTEK CORPORATION** ("Debtor") by the Official Committee of Unsecured Creditors (the "Committee") and in support thereof would respectfully show unto this Court as follows:

**SUMMARY OF THE OBJECTIONS**

At the first part of the confirmation hearing held on Debtor's plan of reorganization on October 20, 2021, the Creditor made known his insistence that he receive the full benefit of the procedural safeguards provided by the Federal Rules of Bankruptcy Procedure in regards to certain unfiled objections the Committee asserted in regards to his claims.  In the Motion, filed two days after the Committee formally objected to Creditors' claim (see Dkt. No. 140 filed on

October 25, 2021, hereafter, the "Objection"), the Committee seeks to deprive the Creditor of these very safeguards – most particularly the requirement in Rule 3007(a)(1) that claim objections be delivered to the claimant "***at least 30 days prior***" to any claim objection hearing – by shortening the time for hearing from the filing of the Objection to 21 days, ensuring that the issues in the objection are conflated with those of confirmation.

In opposing the Motion, Creditor will show that the Committee has articulated scant, if any, justification to shorten the minimum notice *mandated* by Rule 3007(a)(1) and, by contrast, good cause exists to deny this request in addition to the procedural rights and safeguards that Creditor will be denied if it were granted, not least: (a) that no purpose is in fact served by expediting the hearing on the objections; (b) that expediting the hearing will in fact further complicate the hearing on plan confirmation; and, most critically, (c) as counsel for the Committee was made aware even before the Objection was filed, the Creditor left the country immediately after the confirmation hearing and will not return until November 13, 2021, a mere two days before the date on which the Committee seeks to have the objection heard, depriving Creditor of the ability to properly defend the Objection.

For all of these reasons, and those set forth below, the Motion must be denied.

## I. RELEVANT PROCEDURAL BACKGROUND

1. On March 8, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the Northern District of Texas, Dallas Division. In Debtor's Schedules (Dkt. No. 21), at Schedule D, Creditor's claim was scheduled by Debtor as a secured claim that is neither disputed, unliquidated or contingent in the sum of $9.5 million.

2. After Debtor filed its plan of reorganization (the "Plan") and the Committee was appointed, the Committee objected to the Plan (Dkt. No. 90). Then, on October 18, 2021, two (2) days prior to the confirmation hearing on October 20, the Committee then filed a supplemental objection to the Plan (Dkt. No. 120), in which the Committee ostensibly argued, as grounds to deny confirmation of the Plan, what amounted to concerns about the amount of Creditor's claims, the validity of his liens, and the avoidability of his obligations, as scheduled by the Debtor.

3. At the confirmation hearing on October 20, counsel for Creditor appeared and argued, and the Court agreed, that the Committee could not litigate any of the "objections" at the confirmation hearing, and that doing so would be procedurally improper. At the same time, the Court began the confirmation hearing, and when it appeared that there was insufficient time to conclude the confirmation hearing, the hearing was continued to November 15, 2021. It was at the first confirmation hearing that the Creditor made known he that was leaving the country on October 21 and would be gone through November 13.

4. On October 25, 2021, Caleb Holzaepfel, counsel for the Committee, contacted the undersigned to confer regarding the Objection prior to filing. At that point, he was advised that the Creditor would be out of the country through November 13 and that, consistent with the arguments at the confirmation hearing, Creditor would oppose the Objection or any attempt to set it for hearing on an expedited basis. The Committee nonetheless filed the Objection on the afternoon of October 25 (twenty-one (21) days prior to the November 15 confirmation hearing),[1] opportunistically filed the Motion (but waited two additional days to do so), and then – *before the Court entered any order granting the Motion* – filed a notice of hearing purporting to set the

---

[1] It is noteworthy that Creditor's *response* to the Objection would not come due until the day of the confirmation hearing, the very day that the Committee wished to conduct what is effectively a trial of its objections to the Creditor's claims.

Objections to Motion for Setting and Request for Expedited Hearing            Page 3

Objection for the same date and time as the confirmation hearing.

5. In the Motion, the sole, unsworn assertion as to why this Court should shorten the otherwise mandatory minimum of thirty (30) days from the filing of a claim objection to the time of hearing required under Rule 3007(a)(1) is the conclusory assertion that "Hearing by such date is necessary because the underlying legal and factual issues are intertwined with Debtor's attempt to confirm its Chapter 11 plan."

6. The Notice of Hearing on the Objection, filed without court authority or an order granting the Motion, was filed on October 29, 2021.

## II. ARGUMENTS AND AUTHORITIES

7. Rule 3007(a)(1) of the Federal Rules of Bankruptcy Procedure requires that "[a]n objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate Official Form *shall be filed and served* **at least 30 days before any scheduled hearing on the objection** or any deadline for the claimant to request a hearing." (Emphasis added). Courts must be very cautious in reducing the 30 day time period; the Rule's "at least 30 days" provision is an obvious procedural due process safeguard intended to protect the claimant.

8. While under Rule 9006(c), the Rule 3007(a)(1) mandatory minimum notice requirement *can* be modified "for cause shown,"[2] the discretion to reduce time is, for good reason, more restricted than a court's right to enlarge time under Rule 9006(b), and this discretion is not unbounded. *See Matter of Hester*, 899 F.2d 361, 364 at n. 3 (5th Cir. 1990) (holding that the practice of reducing notice periods, in general and particularly so when done *ex parte*, "greatly increases the potential for elimination of effective notice of a hearing; ***and even where notice is***

---

[2] *See GE Capital Corp. v. NSC Creditor Trust*, No. 05 C 4417, 225 U. S. Dist. LEXIS 33373 at *7-8 (N. D. Ill. Dec. 14, 2005) (holding that bankruptcy courts are not "specifically prohibited from reducing the notice period in Rule 3007.").

***received, the time required for preparation of an adequate response is virtually lost***, all to the benefit of the movant and to the severe detriment of any party in interest taking a position adverse to that of the movant." Emphasis added.)

9. Requests to deploy Rule 9006(c) "to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986) (holding that the bankruptcy judge "overstepped the discretion granted him under Rule 9006" in granting a request to shorten notice periods where "there had been no unusual circumstances presented as justifying the shortened notice period.").

10. Bankruptcy courts have not defined what constitutes "cause" to justify a reduction of notice periods specifically provided by the Supreme Court in the Federal Rules of Bankruptcy Procedure, but they have occasionally identified what *fails* to qualify as cause to do so. For instance, "[a]dministrative convenience does not justify an abbreviated notice." *Id*., citing *In re Park Distributors, Inc.*, 176 F. Supp. 38, 42 (S. D. Cal. 1959). Similarly, Judge Leif Clark ruled that "[c]ause is not shown when the cause for expedited hearing is one of the movant's own making." *In re Villareal*, 160 B.R. 786, 787 (Bankr. W. D. Tex. 1993), citing *Official Committee of Disputed Litigation Creditors v. McDonald Investment, Inc.*, 42 Bankr. 981, 987 (N. D. Tex. 1984) ("an 'emergency' was brought on solely by the dalliance of debtors' counsel and it was an abuse of discretion for the bankruptcy court to shorten the notice period . . .").

11. Echoing the Fifth Circuit's recognition in *Hester* of the severe risk associated with shortening notice periods, Judge Clark in *Villareal* stated motions requesting expedited hearings and/or shortened notice periods "should be used sparingly, rather than as a matter of course." *In re Villareal*, 160 B.R. at 788. Additionally, he stated that in every motion to expedite, the movant must "address the question of prejudice to other parties otherwise entitled to notice," noting that

"[t]he principle victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest." *Id*. Finally, as a threshold matter, Judge Clark noted that such motions would not be well received if it did not appear "clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making." *Id*. at 787. As will become readily apparent, the Motion fails all of these tests.

***There Is NO Emergency, and None is Stated in the Motion.***

12. The Motion does not articulate an emergency of any kind, much less one that justifies depriving the Creditor of his procedural due process rights under the Rules. For reasons discussed below, these rights are all the more important because, as was made known to counsel for the Committee, the Creditor is out of the country and unavailable to assist his counsel with the defense of his claim rights until after November 13.

13. The Motion purports to be necessary "because the underlying legal and factual issues are intertwined with Debtor's attempt to confirm its Chapter 11 plan." This conclusory assertion, even if true, cannot be fairly understood to qualify as an emergency or a reason to expedite. Instead, this is little more than a claim that the Motion will aid (presumably. Only aid) the Committee's administrative convenience, which is ***an expressly rejected basis to justify limiting or reducing a party's procedural due process rights*** by shortening notice or expediting hearings. *See, infra, In re Sandra Cotton, Inc.*

14. The Motion fails to provide any basis to conclude that litigating the Objection on the merits is somehow essential to plan confirmation. And, as this Court (and, presumably, counsel to the Committee) well knows, more often than not, ***confirmation precedes rather than follows*** the determination of claims objections or adversary proceedings. At bottom, there is no discernable prejudice to the confirmation process by allowing the Creditor the benefit of the full

protections of due process afforded by Rule 3007(a)(1).

15. Therefore, the first reason to deny the Motion is that it fails to articulate a basis on which to grant the Motion.

### The "Need" for Expedited Hearing Was Due to the Committee's Inaction.

16. Clearly, the "need" of the Committee for an expedited hearing that the Motion seeks was not the result of any action or inaction by the Creditor, nor does the fault lie with the Debtor. Instead, as the Court noted at the first confirmation hearing, the fact that the question of Creditor's claims is in the present procedural posture has to do with the timing an manner in which the Committee chose to raise its "objections" (in the form of confirmation objections) to the Creditor's claims.

17. It should not be forgotten that on October 20, after the undersigned raised the Creditor's procedural due process concerns with the Court, the Court – with Committee counsel present *and consenting* – set the continuation of the confirmation hearing on November 15. All parties then knew the confirmation hearing would be less than 30 days away, and no concern was then raised. Even then, the Committee waited until October 25 to file the Objection, and then waited an additional two days – to October 27 – to file the Motion.

18. Thus, it clearly appears that the "emergency" justifying the Committee's request to expedite the hearing on the Objection IS "an emergency of the movant's own making." This is yet another reason to deny the Motion.

### The Motion Fails to Consider Prejudice to the Creditor.

19. Perhaps the most important reason to deny the Motion is due to the unnecessary and unfair impact it will have *on the Creditor*. The Motion is absolutely silent on how the rights of the Creditor will be impacted by expediting the hearing, and there is no discussion of

procedural protections (or, for that matter, how any of the discovery or motion practice that might otherwise be applicable to such an Objection under Rule 9014 will be accommodated). The failure to address this most pressing consideration is reason enough to deny the Motion without consideration.

20. It also bears mention that before the Objection or the Motion were filed, the Committee was seeking to use the confirmation hearing as a forum to adjudicate the Creditor's claims under the rubric of denying the Debtor confirmation of its plan. At the confirmation hearing, the Creditor and his counsel went before the Court seeking to protect Creditor's right to the full measure of due process. Having heard the Court's concerns on that subject, the Committee's response was to attempt to obtain judicial imprimatur to deprive the Creditor of the very protections the Rules mandate. This attempted end run around due process should not be rewarded.

21. More critically, *these protections are now even more essential than they would be under normal circumstances*, since the Objection was filed while the Creditor was out of the country, and while he is unavailable to aid in his own defense. If he is not given more than (or, at the very least, the full amount of) the minimum time from filing to hearing, there is no doubt that the Creditor's loss of his rights to the benefits and protections of time to prepare and respond will cause him immense and, potentially costly, prejudice. In short, rather than a truncation of the time needed for a response, if anything, *the present circumstances scream for an enlargement of time*.

22. For these reasons as well, even if none others existed, the Motion must be denied.

*Granting the Motion May Also Prejudice the Estate.*

23. Although it is the Debtor's place to protect the Debtor and the estate, the Court must be aware that attempting to try the Objection during the confirmation hearing will be prejudicial both to the Creditor and the Debtor, inasmuch as it will complicate and confuse issues that are already joined, in a hearing that is already under way, where there are already other motions pending for which the Court's precious time will be necessitated. To further add to that confusion by including a hearing on the Objection will not aid in, but subvert, the critical need of clarity that a confirmation hearing duly requires. Being that the Creditor is a creditor of this estate, he has standing to raise this concern in addition to those that are peculiar to him.

24. Creditor would have no objection to at some point on November 15 conducting a status conference to consider scheduling in relation to the Objection.

*The Unauthorized Notice of Hearing Should be Stricken.*

25. Finally, the Notice of Hearing, filed as it was before any ruling on the Motion, and setting the Objection for hearing within 30 days in violation of Rule 3007(a)(1), should be stricken. It purports to oblige the Creditor to attend and be ready for a hearing for which he cannot be ready, and to do so in less time than the Rules require, even before any reasonable consideration of the procedural infirmities of the request that the hearing be expedited. It is unclear why the Committee thought this appropriate before any ruling on the Motion. In any case, it should be stricken.

WHEREFORE, PREMISES CONSIDERED, Creditor prays that the Motion be denied, that the Court use whatever time is allocated to the Objection on November 15 for a status and scheduling conference, and that Creditor have such other and further relief as may be justified.

Respectfully submitted,

**STROMBERG STOCK, PLLC**

By: */s/ Mark Stromberg*
    Mark Stromberg
    State Bar No. 19408830

Campbell Centre I
8350 North Central Expressway, Suite 1225
Dallas, Texas 75206
Telephone: (972) 458-5353
Facsimile: (972) 861-5339

**ATTORNEYS FOR DHIRAJAL BABARIA**

### CERTIFICATE OF SERVICE

    The undersigned certifies that on November 1, 2021, a true and correct copy of the foregoing instrument has been served via eService.

By: */s/ Mark Stromberg*
    Mark Stromberg