Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ELECTROTEK CORPORATION, | § | CASE NO. 21-30409-MVL |
| | § | CHAPTER 11 |
| Debtor. | § | |

**OBJECTION TO FINAL FEE APPLICATION OF HUSCH BLACKWELL LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 13, 2021 THROUGH DECEMBER 14, 2021**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW Electrotek Corporation ("Debtor") and filed this Objection to Final Fee Application of Husch Blackwell LLP for Allowance of Compensation and Reimbursement of Expenses for the Period July 13, 2021 through December 14, 2021 and in support states as follows:

1. Husch Blackwell LLP ("Husch Blackwell") served as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Electrotek Corporation, the above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to section 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), the Guidelines for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "Guidelines").

2. Husch Blackwell failed to use lower billing rates to handle simple administrative tasks. Associates were used to perform simple tasks and billed at a much higher rate than that of a

paralegal. On 7/22/21 an associate billed 0.4 hours to Draft a Motion for Expedited Hearing. On 8/26/21 an associate spent 0.2 hours drafting a Notice of Hearing on 2004 Examination. On 10/25 an associate spent 0.4 hours drafting a Motion to Expedite. These are examples of the failure to delegate to a person at a lower billing rate.

3. The rates and time spent are excessively high for this size case. This was a worry when the Court approved an expensive large firm's involvement in a small business case. Husch Blackwell worked on the case for 5 months and managed to create $129,429.00 in fees. Debtor's counsel represented the debtor from the date of filing on March 8, 2021 and filed a final fee application for $114,876.26. Husch Blackwell billed 303.7 hours for the time period of July 13, 2021 through December 14, 2021, representing the committee on limited matters in the case. Debtor's attorney spent a total of 368.0 hours representing the debtor in every matter in the case from the filing date of March 8, 2021 through current.

4. Many hours were spent working an exorbitant amount of time on an issue or performing unnecessary work. On 7/27/21 a partner spent 0.8 hours reviewing documents, which is duplicative of work done by an associate on the same day. A total of 27.4 hours were spent preparing and drafting Plan Objections. A total of 10.2 hours were spent drafting a Response to the Debtor's Motion to Enjoin. A total of 9.5 hours were spent drafting Husch Blackwell's Application for fees. On 10/20/21 an associate spent 3.5 attending and 0.4 hours discussing a Confirmation hearing when a partner had also billed for attendance of the same. A total of 5.8 hours were spent on Claim Objections.

5. Husch Blackwell spent an excessive amount of time on work with no benefit to the bankruptcy estate. On 7/19/21 an associate spent 0.2 hours on preparation of a pro hac motion. On 7/27/21 a partner spent 0.8 hours reviewing documents, which is duplicative of work done by an associate on the same day. On 8/5/21 an associate spent 0.5 hours to strategize the next steps in the case. On 8/6/21 an attorney and a partner spent 1.6 hours reviewing, revising, and emailing a

retention application for filing and another 2.2 hours spent responding to Debtor's objection. A total of 3.6 hours were spent reviewing and considering a response to Debtor's Motion to Assume Lease Obligations.

6. Husch Blackwell failed to provide any analysis of avoidance actions but billed for that time. Husch Blackwell spent 14.2 hours performing avoidance action analysis that they refused to provide to the Debtor, which resulted in Debtor's attorney expending 8.5 hours doing their own analysis.

7. Husch Blackwell prepared pleadings that were not well thought out and unnecessary. A total of 26.1 hours spent on a Motion to Appoint Chapter 11 Trustee that was ultimately withdrawn as moot. A total of 1.6 hours spent on Objection to Debtor's Nunc Pro Tunc Wage Motion.

8. The case could have ended at a much earlier point with a similar end result had Husch Blackwell seriously considered a settlement offer made on 8/9/21. Debtor made a fair and equitable settlement offer to carve out the preference claims that were preserved in the plan and allow Husch Blackwell to pursue such claims for the benefit of the unsecured creditor class. The fees and costs to pursue the claims would be paid out of any recovery from the claims. Husch Blackwell was unresponsive and continued to pursue their actions, while billing 0.2 hours to strategize on the offer.

9. The Debtor mediated the case by continued attempts to settle. Debtor's attorney made a settlement offer on October 20, 2021. After Husch Blackwell reviewed and analyzed the offer, a settlement conference was scheduled. The settlement conference on 11/11/21 resulted with Buffey Klein billing 7.1 hours for attending and reviewing options for the meeting. Debtor's

Objection to Final Fee Application of Husch Blackwell LLP for Allowance of Compensation and
Reimbursement of Expenses for the Period July 13, 2021 through December 14, 2021
Page 3

counsel billed a total of 2.5 hours on the same day. Additionally, an associate billed 4.6 hours attending and conferencing about the same.

10. On 11/15/21 Buffey Klein billed 5.1 hours and an associate billed 3.9 hours for a Confirmation Hearing and Settlement discussions with Debtor. Debtor's counsel billed a total of 3.1 hours on the same day. So not only were Counsel's fees too high their time spent was excessive.

11. Husch Blackwell filed an adversary proceeding that should not be the Debtor's responsibility to reimburse for costs. A total of 3.8 hours were spent on the adversary proceeding that was ultimately withdrawn.

12. Husch Blackwell created difficulties throughout the process by creating problems. Many of the billable hours could have been avoided had Husch Blackwell been willing to work out the issues with Debtor's counsel amicably at the time the first settlement offer was made.

13. Husch Blackwell failed to share pertinent information they prepared regarding preferential transfers, analysis of the secured and unsecured debts, and calculation of fees. Forcing the Debtor's attorney to do the same work.

14. While the Plan was confirmed it was at great expense to this small estate. Reasonable fees should have been closer to $50,000 for Creditor's Committee Counsel had they managed their time and tasks better and used para-professionals at lower hourly rates. Further had an early settlement been taken 15% much of the time spent could have been avoided. Finally Creditor's Counsel failed to share their avoidance analysis so Debtor's counsel had to make up their own which to date has produced all of $6,000 in collections.

WHEREFORE, PREMISES CONSIDERED, Electrotek Corporation requests the Court reduce the Final Fee Application of Husch Blackwell LLP for Allowance of Compensation and Reimbursement of Expenses for the Period July 13, 2021 through December 14, 2021 as

Objection to Final Fee Application of Husch Blackwell LLP for Allowance of Compensation and
Reimbursement of Expenses for the Period July 13, 2021 through December 14, 2021
Page 4

appropriate. Electrotek Corporation further requests that the Court grant such other and further relief to which it may show itself justly entitled.

Dated: January 12, 2022.

                                                                                                 Respectfully submitted,

                                                                                                  */s/ Joyce W. Lindauer*
                                                                              Joyce W. Lindauer
                                                                              State Bar No. 21555700
                                                                              Joyce W. Lindauer Attorney, PLLC
                                                                              1412 Main Street, Suite 500
                                                                              Dallas, Texas 75202
                                                                              Telephone: (972) 503-4033
                                                                              Facsimile: (972) 503-4034
                                                                              ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 12, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system to those parties requesting notice in this case and via United States first class mail, postage prepaid, upon the U.S. Trustee.

                                                                              */s/ Joyce W. Lindauer*
                                                                              Joyce W. Lindauer